# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

JAIME J. CRESPO,   BANKRUPTCY CASE
                   NO.: 6:17-bk-05253-CCJ
    Debtor.
_____/

ARVIND MAHENDRU,
as Chapter 7 Trustee of the estate of
JAIME J. CRESPO,

    Plaintiff,
v.                          ADVERSARY PROCEEDING
                            NO.:
FAY SERVICING, LLC,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Arvind Mahendru ("Plaintiff" or "Trustee"), the Chapter 7 Trustee of the bankruptcy estate of Jaime J. Crespo ("Debtor"), by and through undersigned counsel, hereby sues Defendant Fay Servicing, LLC ("Defendant" or "Fay Servicing"), and states the following:

## PRELIMINARY STATEMENT

1. The Debtor, Jaime J. Crespo, filed a petition for bankruptcy relief under Chapter 7 on August 8, 2018.

2. Plaintiff brings this action pursuant to the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(f), based on Fay Servicing's unlawful conduct with respect to the sale of real property.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the Standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 6:12-MC-26-ORL-22, Middle District of Florida, referring all bankruptcy matters to the United States Bankruptcy Court for the Middle District of Florida.

## PARTIES

4. Plaintiff, Arvind Mahendru, along with his agents, is the Chapter 7 Trustee of the bankruptcy estate of Jaime J. Crespo. Further, in his role as trustee, Trustee stands in the shoes of the debtor and is entitled to bring a civil claim as a "borrower" under RESPA, 12 U.S.C. § 2605; 12 C.F.R. § 1024.41(a).

5. Debtor, Jaime J. Crespo ("Debtor"), is a natural person residing in Orange County, Florida.

6. Defendant, Fay Servicing, LLC, is a Delaware limited liability company, headquartered in Illinois, does business in the State of Florida, and is a "servicer" as defined by RESPA, 12 C.F.R. § 1024.2(b).

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including without limitation to, electronic communication with Debtor.

## FACTUAL ALLEGATIONS

8. Plaintiff is the Chapter 7 Trustee of the Debtor's estate ("the Estate").

9. In the Debtor's chapter 7 voluntary petition, the Debtor identified real property at 4740 Drummond Lane, Orlando, FL 32810 (the "Property"). Further, the bankruptcy petition identifies Defendant Fay Servicing as a creditor with a secured claim as to the Property, arising

out of the debt serviced by Defendant. The debt serviced by Fay Servicing is a "federally related mortgage loan" under 12 C.F.R. § 1024.2(b). The Debtor indicated the intention to surrender the Property.

10. As part of his duty to administer the Estate, Trustee engaged the services of BK Global ("BKG"), a company that assists bankruptcy trustees in the management and disposition of real property. At all relevant times, BKG was acting as an agent of the Trustee. A complete loss mitigation application for a short sale of the Property was submitted by BKG on behalf of Trustee for the Property to Defendant Fay Servicing by e-mail and fax on May 3, 2018.

11. There was no communication from Fay Servicing regarding the loss mitigation application until May 15, 2018. On May 15, 2018, BKG received a call from Fay Servicing agent Joseph Bean ("Mr. Bean"). At all relevant times, Mr. Bean was acting on behalf of Defendant Fay Servicing. Mr. Bean telephoned BKG to advise that the short sale package was still under review by Fay Servicing. Mr. Bean further advised BKG that he would contact BKG once the review was complete or if any additional information was required. At no time was BKG informed that the loss mitigation application was not complete or was additional information or documentation requested by Fay Servicing.

12. On May 21, 2018, having not heard anything further from Fay Servicing, BKG contacted Mr. Bean who advised that the offer was still on review. Mr. Bean noted that the review could take up to 30 days. Mr. Bean advised he would call back within 24 hours to advise if anything else was required.

13. Mr. Bean did not call within 24 hours. Instead, it was 9 days later when BKG next heard from Mr. Bean.

14. On May 30, 2018, Mr. Bean advised that the short sale had been approved to move forward to negotiation and that Mr. Bean would call the next day.

15. Mr. Bean did not call the next day. Instead, it was 8 days later when BKG next heard from Mr. Bean.

16. On June 7, 2018, Mr. Bean informed BKG that a negotiator for the short sale had still not been assigned and he had no estimate for when the assignment would occur.

17. On June 19, 2018, still having heard no further information from Fay Servicing, BKG escalated the issue to Fay Servicing executives, advising them that BKG had still received no response on the loss mitigation submission.

18. On June 19, 2018, BKG received a call from Mr. Antonio Deleo ("Mr. Deleo") in the Fay Servicing bankruptcy department. At all relevant times, Mr. Deleo was acting on behalf of Defendant Fay Servicing. Mr. Deleo advised BKG that Fay Servicing received the escalation and that Fay Servicing was sending information to the Debtor and Debtor's counsel. BKG informed Mr. Deleo that the Debtor was not involved in the short sale application. Further, BKG informed Mr. Deleo that the Trustee is the "seller" and that Fay Servicing must communicate with BKG's office with respect to the short sale.

19. Mr. Deleo informed BKG that he would submit the short sale offer to an investor on a "rush" basis and would have a decision within 1-2 days.

20. Significantly, Mr. Deleo informed BKG that a foreclosure sale was scheduled for July 5, 2018, and that Fay Servicing would postpone the foreclosure sale due to the active loss mitigation application.

21. On June 27, 2018, BKG escalated the situation to Fay Servicing's Vice President of Loss Mitigation, Shlomo Sahadeo ("Mr. Sahadeo"). At all relevant times, Mr. Sahadeo was

acting on behalf of Defendant Fay Servicing. Mr. Sahadeo later responded that BKG's initial offer for a short sale was declined. Later that day, BKG received terms of a counteroffer from Fay Servicing.

22. On July 3, 2018, the prospective buyer was sent the terms of the proposed counteroffer from Fay Servicing.

23. Before a response to Fay Servicing's counteroffer could be sent to Fay Servicing, and despite its representations to the contrary, Fay Servicing proceeded with the foreclosure sale on July 5, 2018. The Property was sold to Wilmington Savings Fund Society FSB, which upon information and belief, held the note and mortgage for the debt that Fay Servicing was servicing as to the Property.

24. On or about August 1, 2018, Trustee sent Fay Servicing a letter (the "Demand Letter") setting forth the events that gave rise to Fay Servicing's multiple RESPA violations. In order to avoid litigation, Trustee offered to resolve the dispute. Fay Servicing ignored Trustee's Demand Letter. A copy of the Demand Letter is attached as **Exhibit A**.

25. Defendant's conduct here is part of a pattern of practice of similar conduct. Indeed, on June 7, 2017, the Consumer Financial Protection Bureau ("CFPB") and Fay Servicing entered into a Consent Order regarding similar conduct. A copy of the Consent Order is attached as **Exhibit B**.

26. That Consent Order found that, among other things, Fay Servicing "took prohibited foreclosure actions against certain borrowers, in violation of 12 C.F.R. § 1024.41(f)(2) and (g)," and "failed to send or timely send acknowledgment notices to numerous borrowers, in violation of 12 C.F.R. § 1024.41(b)(2)(1)(B)." *Id.*, p. 1.

27. The Consent Order found that "[Fay Servicing's] policies and procedures failed to instruct or incorrectly instructed personnel about foreclosure protections under the Mortgage Servicing Rules, and as a result, permitted foreclosure actions prohibited by law. [Fay Servicing's] policies and procedures therefore were not reasonably designed to ensure that foreclosure documents and filings complied with applicable law." *Id.*, p. 14.

28. Further, the Consent Order found that Fay Servicing violated the law "by failing to send or timely send Acknowledgment Notices to borrowers entitled to receive them, and by failing to have reasonably designed policies and procedures related to Acknowledgement Notices." *Id.*, p. 16.

29. As part of the Consent Order, Fay Servicing was ordered to pay more than one million dollars for redress and to implement new policies and procedures. Clearly, to the extent any of Fay Servicing's policies and procedures have changed since the entry of the Consent Order, such changes are ineffective and are a mere continuation of the pattern and practice of Fay Servicing's noncompliance with the requirements of RESPA. 12 U.S.C. § 2605(f).

30. As described below, Defendant's conduct constitutes several violations of RESPA.

## COUNT I

## VIOLATION OF RESPA, 12 C.F.R. §1024.41(g)

31. This is an action against Defendant for violation of RESPA, 12 C.F.R. § 1024.41(g)

32. Plaintiff re-asserts and incorporates paragraphs 1 through 30, as if fully set forth herein.

33. Pursuant to 12 C.F.R. § 1024.41(a), "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA, 12 U.S.C. § 2605(f)."

34. Under 12 C.F.R. § 1024.41(g), if a borrower submits a complete loss mitigation application more than thirty-seven (37) days before a foreclosure sale, then a servicer **cannot conduct a foreclosure sale unless**: "(1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for requesting an appeal, or the borrower's appeal has been denied; (2) The borrower rejects all loss mitigation options offered by the servicer; or (3) The borrower fails to perform under an agreement on a loss mitigation option."

35. Here, a complete loss mitigation application, as defined by 12 C.F.R. § 1024.41(b), was submitted on May 3, 2018, which was more than thirty-seven (37) days before the July 5, 2018 foreclosure sale. At no point after May 3, 2018, did Defendant Fay Servicing inform BKG that any additional information or documentation was needed.

36. Further, at no time between May 3, 2018, and July 5, 2018, did (1) Fay Servicing send any notice to BKG that Trustee was not eligible for any loss mitigation options; (2) Trustee reject all loss mitigation options offered by Fay; or (3) Trustee fail to perform under an agreement on a loss mitigation option. To the contrary, as detailed above, at the time of the foreclosure sale BKG and Fay Servicing were engaged in active negotiations and exchanging offers and counteroffers with a prospective buyer of the Property.

37. By conducting a foreclosure sale while a complete loss mitigation action was pending, Defendant has violated 12 C.F.R. § 1024.41(g).

38. Fay Servicing's action of conducting the foreclosure sale while the loss mitigation application was pending constitutes a clear, separate, and distinct violation of 12 C.F.R. § 1024.41(g).

39. Further, as detailed above, such conduct is part of a pattern of practice of behavior in conscious disregard of Trustee's rights.

40. As a result of its conduct, Fay Servicing is liable to Trustee for actual damages, statutory damages, attorneys' fees, and costs.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated RESPA, 12 C.F.R. § 1024.41(g), awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF RESPA, 12 C.F.R. §1024.41(b)(2)

41. This is an action against Defendant for violation of RESPA, 12 C.F.R. § 1024.41(b)(2).

42. Plaintiff re-asserts and incorporates paragraphs 1 through 30, as if fully set forth herein.

43. Pursuant to 12 C.F.R. § 1024.41(a), "[a] borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. § 2605(f)."

44. Under 12 C.F.R. § 1024.41(b)(2), "If a servicer receives a loss mitigation application 45 days or more before a foreclosure sale, a servicer shall:

(A) Promptly upon receipt of a loss mitigation application, review the loss mitigation application to determine if the loss mitigation application is complete; and

(B) Notify the borrower in writing within 5 days (excluding legal public holidays, Saturdays, and Sundays) after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete and the applicable date pursuant to paragraph (b)(2)(ii) of this section. The notice to the

borrower shall include a statement that the borrower should consider contacting servicers of any other mortgage loans secured by the same property to discuss available loss mitigation options."

45. Here, BKG submitted a complete loss mitigation application on May 3, 2018. Fay Servicing did not notify BKG in writing within 5 days after receiving the loss mitigation application to acknowledge receipt of the application and that the application was either complete or incomplete. At no time did Fay Servicing request any additional information or documentation from BKG. Therefore, Defendant has violated 12 C.F.R. § 1024.41(b)(2).

46. Fay Servicing's conduct in failing to acknowledge receipt of the application constitutes a clear, separate, and distinct violation of 12 C.F.R. § 1024.41(b)(2).

47. Further, as detailed above, such conduct is part of a pattern of practice of behavior in conscious disregard of Trustee's rights.

48. As a result of its conduct, Fay Servicing is liable to Trustee for actual damages, statutory damages, attorneys' fees, and costs.

WHEREFORE, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated RESPA, 12 C.F.R. § 1024.41(b)(2) awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

Dated: December 6, 2018						Respectfully Submitted,

												**CENTRONE & SHRADER, PLLC**
												612 W. Bay St.
												Tampa, Florida 33606
												Phone:  (813) 360-1529
												Fax:     (813) 336-0832

												/s/ Gus M. Centrone, Esq.
												**BRIAN L. SHRADER, ESQ.**
												Florida Bar No. 57251
												e-mail: bshrader@centroneshrader.com
												**GUS M. CENTRONE, ESQ.**
												Florida Bar No. 30151
												e-mail: gcentrone@centroneshrader.com
												**DEIRDRE F. ARETINI, ESQ.**
												Florida Bar No. 39607
												e-mail: daretini@centroneshrader.com
												*Attorneys for Plaintiff*